UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  SUBPOENA TO TESTIFY BEFORE               MISCELLANEOUS ACTION
GRAND JURY ISSUED BY THE CLERK
FOR THE U.S. DISTRICT COURT                                  No. 07-1500

                                                                             SECTION:  I/2

## ORDER AND REASONS

Before the Court is a motion to quash grand jury subpoena for the production of documents filed on behalf of Cynthia Bridges in her capacity as Secretary of the Louisiana Department of Revenue ("Department of Revenue").  On May 23, 2007, the Department of Revenue received a subpoena *duces tecum* requesting the production of certain tax records.  Bridges argues that these records are confidential and privileged and that the production of these records would violation Louisiana law.  The United States filed its opposition to Bridges' motion under seal.

La. Rev. Stat. § 47:1508(A)(1) provides that, "[e]xcept as otherwise provided by law, the records and files of the secretary of the Department of Revenue or the records and files maintained pursuant to a tax ordinance . . . of any political subdivision are confidential and privileged, and no person shall divulge or disclose any information obtained from such records and files except in the administration and enforcement of the tax laws of this state or of a

political subdivision of this state." Subsection (C) of this statute provides criminal penalties for those found to have unlawfully divulged such tax records.[1] Bridges claims that, because the subpoena was not issued in connection with a proceeding in the administration or enforcement of Louisiana tax laws, the subpoena should be quashed; alternatively, Bridges asks that there be some record of her objection to the subpoena pursuant to § 47:1508 if the Court denies her motion to quash.

The United States persuasively argues that, by virtue of the Supremacy Clause of the United States Constitution, Louisiana law prohibiting the disclosure of tax records must yield to the federal interest in the grand jury process. As the United States notes, "any state legislation

---

[1]The full text of the pertinent subsections of § 47:1508 state:

A. (1) Except as otherwise provided by law, the records and files of the secretary of the Department of Revenue or the records and files maintained pursuant to a tax ordinance, excluding ad valorem property taxes and ad valorem property tax assessment rolls, of any political subdivision are confidential and privileged, and no person shall divulge or disclose any information obtained from such records and files except in the administration and enforcement of the tax laws of this state or of a political subdivision of this state. Notwithstanding the provisions of this Section, upon the request of the secretary of the Department of Social Services or his designee, the secretary of the Department of Revenue shall provide to the Department of Social Services the address and social security number of the person designated by that department as an absent parent for the purpose of implementing the provisions of R.S. 46:236.1.1 et seq., the family and child support program.

(2) No person shall divulge or disclose any information obtained from any examination or inspection of the premises or property of any person in connection with the administration and enforcement of the tax laws of this state or a political subdivision of this state except to the taxing jurisdiction of his employment or, in the case of an already existing independent contractor arrangement, to the contracting taxing jurisdiction.

(3) Neither the secretary nor any employee engaged in the administration or charged with the custody of any such records or files shall be required to produce any of them for inspection or use in any action or proceeding, except in an action or proceeding in the administration or enforcement of the tax laws of this state or of a political subdivision.

. . . .

C. Whoever violates any provision of this Section by divulging information unlawfully shall be punished by imprisonment for not more than two years or fined not more than ten thousand dollars, or both.

2

which frustrates the full effectiveness of federal law is rendered invalid by the Supremacy Clause."  *Los Alamos Sch. Bd. v. Wugalter*, 557 F.2d 709, 713 (10th Cir. 1977) (citation omitted); *see also Ky. W. Va. Gas Co. v. Pa. Pub. Util. Comm'n*, 837 F.2d 600, 605 n.5 (3d Cir. 1988); *In re Grand Jury Subpoena for N.Y. State Income Tax Records* ("*In re N.Y. Tax Records*"), 468 F. Supp. 575, 577 (N.D.N.Y. 1979) (citations omitted).  Notwithstanding the preeminence of federal law, "[t]he Courts have nonetheless recognized that policies of comity and federalism require some deference to the objectives sought to be achieved by the state confidentiality provisions."  *In re N.Y. Tax Records*, 468 F. Supp. at 577.

Bridges, in effect, is asking the Court to recognize an evidentiary privilege apparently created by Louisiana statute.  *See ACLU of Miss. v. Finch*, 638 F.2d 1336, 1342 (5th Cir. 1981).  Rule 501 of the Federal Rules of Evidence instructs that "the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience."  In determining whether to recognize a state court privilege not extant in the common law but enacted by the state legislature, however, courts in this Circuit have applied the balancing test explicated in *Finch*, 638 F.2d at 1343.  *See In re: Grand Jury Proceedings*, 148 F.3d 487, 492 n.3 (5th Cir. 1998); *Fairchild v. Liberty Indep. Sch. Dist.*, 466 F. Supp. 2d 817, 822-23 (E.D. Tex. 2006); *In the Matter of the Application of the U.S. of Am. for an Order Authorizing the Judiciary Comm'n of La. to Release Certain Records to the Grand Jury* ("*In re Certain Records*"), 936 F. Supp. 357, 360 (E.D. La. 1996) (Berrigan, J.).[2]  The two-part *Finch*

---

[2]The United States argues that, "[w]hen faced with relying on the Supremacy Clause or applying a balancing test, few courts have applied the [*Finch*] balancing test" and notes that one court has explicitly rejected this approach.  *See In re Grand Jury Subpoena*, 198 F. Supp. 2d 1113, 1116 (D. Alaska 2002).  The cases that the United States cites to show that courts do not prefer the *Finch* balancing test, however, are unpersuasive.  *See In re*

test requires the Court to inquire: (1) Does the fact that Louisiana courts would recognize the privilege create good reason for respecting the privilege?; and (2) Is the privilege intrinsically meritorious in the Court's independent judgment? *See Finch*, 638 F.2d at 1343. The second inquiry

> involves four salient conditions: 1) whether communications originate in a confidence that they will not be disclosed, 2) whether confidentiality is essential to the full and satisfactory maintenance of the relation between the parties, 3) whether the relation is one which in the opinion of the community ought to be sedulously fostered, and 4) whether the injury that would inure to the relation by the disclosure of the communications is greater than the benefit thereby gained for the correct disposal of litigation. . . . An asserted state privilege should be recognized only if all four conditions are met.

*Fairchild*, 466 F. Supp. 2d at 822-23 (internal citations omitted).

As to the first *Finch* consideration, the Court finds that the mere fact that Louisiana courts may recognize the privilege that Bridges promotes is insufficient to outweigh the strong federal interest in a thorough and vigorous grand jury process. *See Branzburg v. Haynes*, 408 U.S. 665, 701, S. Ct. 2646, 2667, 33 L. Ed. 2d 626 (1972) ("A grand jury investigation is not fully carried out until every available clue has been run down and all witnesses examined in every proper way to find if a crime has been committed.") (internal quotations and citation

---

*Grand Jury Impaneled Jan. 21, 1975*, 541 F.2d 373, 382 (3d Cir. 1976) ("[G]ranting or withholding . . . an evidentiary privilege requires a balancing of competing policies."); *In re Grand Jury Subpoena*, 118 F.R.D. 558, 561 (D. Vt. 1987) (weighing the competing state and federal interests pursuant to Fed. R. Evid. 501 and noting that "[c]ourts addressing the issue have sought to balance the federal interest in investigating and prosecuting criminal activity through the grand jury process with legitimate state interests in keeping certain records, such as those at issue here, confidential"); *In re Production of Records to Grand Jury*, 618 F. Supp. 440, 443 (D. Mass. 1985) (holding that "[t]he purpose and force of the particular federal interest involved must be balanced against the rationale and comparative strength underlying the particular evidentiary privilege claimed" and that, "as a principle of comity, federal courts should recognize state evidentiary privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy"). In addition, while the *In re Grand Jury Subpoena* (D. Alaska) specifically rejected the *Finch* case-by-case balancing test, the court still found that a "generic balancing of interests is appropriate." 198 F. Supp. 2d at 1116. The Court does not find that the *Finch* balancing test will "interject[] the court and the parties into the federal grand jury's investigative prerogatives," which the *In re Grand Jury Subpoena* (D. Alaska) found objectionable. *See id.*

omitted). Considering the factors defining the second prong of the *Finch* test, the Court also finds that the putative state privilege is not intrinsically meritorious. While the Court recognizes the zealousness with which Louisiana would guard its citizens tax records, this confidentiality will be protected by the secret nature of the grand jury proceedings. *See* Fed. R. Civ. P. 6(e)(2). The secrecy of these proceedings will not undermine the purpose of La. Rev. Stat. § 47:1508.

Accordingly,

**IT IS ORDERED** that the motion to quash grand jury subpoena for the production of documents pursuant to La. Rev. Stat. § 47:1508 filed on behalf of Cynthia Bridges in her capacity as Secretary of the Louisiana Department of Revenue[3] is **DENIED**.

New Orleans, Louisiana, April __10th__, 2007.

                                                               **LANCE M. AFRICK**
                                           **UNITED STATES DISTRICT JUDGE**

---

[3] Rec. Doc. No. 1.